Judge Trimble,
d elivered the following opinion of the court: — Johnson had judgment against the appel-[ants^ fOT ⅛. sum 0j five hundred dollars, and costs ; and sued out his writ oi fieri facias, within the year and a day, returnable in August 1802 ; upon which the she *521 riff returned, that he had madethe sum of 8/. 9 of. id. and could find no other property, whereof to make the balance. In the year 1805, the said Johnson sued out another writ offieri facias, to have execution of the balance of said judgment, upon which certain proceedings were had. Upon motion, made by the defendants in ihe judgment, to quash the execution of 1805, and all subsequent proceedings, the court sustained the motion, as to all the subsequent proceedings, but overruled it as it respected the execution itself; from which the movers i i appealed.. . . ' : • > ’ >
if anesecu-non hath once other execu-’ tlons may ¡5⅛ thereon at any time, notwith-Handing there he more than a between thete-furnofoi*e,and ⅛⅞ lfluir.g of anot er“
Tvvo objections were stated by the motion to the execution ; the first is the lapse of more than a year and a day, between the return day of the preceding execution, and the suing out of that of October 1805, without a scire facias to revive the judgment; the second is the omission to state the year of Christ, in addition to the year of the commonwealth, in which the execution issued. The latter has no weight ; so that the only question to be decided, is, whether, after execution sued within the year and a day, and the sheriff’s return thereon, of nulla bona, the execution of 1805, was improvi - dently issued, without a scire facias. .
In the case of Aires vs. Hardress, (Str. 100) the case was like unto the present ; and, the court, after consideration, declared, “ the practice had gone so far, that there was no overturning it.” These many authorities are cited, as to the practice.
, What is meant by continuing the execution down, is not explained by that case ; but in Cunningham’s law dictionary, title execution, the subject is fully treated of. It appears that these continuances on the roll, were mere matters of form ; that, even without any execution actually taken out after judgment, if one had been awarded on the roll, the plaintiff might, notwithstanding the lapse of a yeár and a day, sue out his execution, at any time, without scire facias ; the continuances in such case, being entered with “ vice comes non misit breve.” It farther appears, that these continuances might be entered at any time when the plaintiff wanted hiá writ of execution; he paying only for the continuances — (See Bac. Ab. title execution, p. 362-3, Vol. 2).
In this country, the practice has prevailed very much; to issue executions without scire facias, where the first *522 hmj been sued within the year and a day from the sign-tng °f the judgment. Here, we have no roll or continuances of executions, by entry on the execution docket. The executions are entered, one after another, as they are issued, by short abbreviations, in the execution book, or docket, to which the clerk keeps an alphabetical index for his own convenience ; and the executions, when returned to his office, are filed together, with the sheriff’s return indorsed on each. We see no reason for unsettling the practice, in mere matters of form ; and, on the other hand, great inconvenience would ensue, by opening a breach for the destruction of so many executions. If the defendants, in such cases of dormant executions, have paid the money, or received acquittances, they can as well make it appear by bill in chancery, or other appropriate remedy, as by plea to a scire facias.
Littell, for the appellants ; Clay, for the appellee.
Judgment affirmed.